## No 111.

### WIDOW J. H. SMITH *v.* HENRY BARKEMEYER, Tutor.

1. On appeal upon questions of law, in a suit to annul a judgment, the· question of the jurisdiction of the inferior court in trying and determining the original controversy will not be noticed by this tribunal, unless presented in the first instance to the court *a qua.*
2. Questions of fact cannot be assigned as error in an appeal upon questions of law alone.
3. In all such appeals, the findings of the judge *a quo,* upon questions of˙ fact, are conclusive.
4. Want of finality in a judgment is no cause of nullity, unless it be shown that its execution "would be against good conscience," and that the applicant "could not have availed himself of it in a former suit, or· was prevented by fraud or accident." C. P. 606, 607, 608.
5. Where a judgment decrees the payment of future rents at a fixed price,. so long as defendant occupies the leased premises, or the board of a minor, so long as a plaintiff maintains him, the amount due at any particular subsequent period may be fixed by rule.
6. Service of such a rule is good if made upon the attorney of record of B, although the judgment is against "B, tutor," where B has no indi-- vidual interest, and the caption of the rule served bore the correct designation of parties, and it appears by the record that the attorney· "for defendant" was present at the trial of the rule.

*Appeal from Civil District Court, Division A.    Tissot, Judge..*

*McGloin & Nixon* for plaintiff.

*A. J. Lewis* for appellant.

The opinion of the Court was delivered by H. H. HALL, Esq., judge *ad hoc, vice* McGloin, Judge, recused, having been of counsel.

HALL, Judge *ad hoc.*—On the 12th of June, 1876, the judge of the Second District Court, for the parish of Orleans, in this proceeding, rendered judgment in favor of Mrs. Smith, plaintiff, and against Henry Barkemeyer, tutor of the minor John Henry Smith, for $193, with legal interest from May 19th, 1875, and further, for " ten dollars additional for every month that she (Mrs. Smith) may continue, with the consent of said tutor, to give board and lodging to said minor ; the whole payable in due course of administration."

On the 23d of June, 1877, the same judge rendered judgment on a rule in favor of and against the same parties " for the sum of ten dollars per month from 1st of May, 1875, to the 20th of February, 1877, with interest thereon from judicial demand."

On the 2d of September, 1880, this cause having, under the Constitution of 1879, been transferred to the Civil District Court, No. 30 of its docket, plaintiff caused a writ of *fieri facias* to issue on said judgments.

On the 16th of September, 1880, Barkemeyer, as tutor, filed in these same proceedings a petition asking that the sheriff be enjoined from proceeding under said execution, and further praying that such judgments be decreed null and void, for the reasons alleged in his said petition.

On the 13th of December, 1880, judgment was rendered on the issues raised in said petition, perpetuating the injunction, and in other respects, dismissing the suit of said tutor.

From this judgment said tutor has taken this appeal. The judgments sought to be annulled aggregates less than $500 ; consequently, the appeal comes to this Court solely on questions of law.

No bill of exception to the ruling of the lower court has been taken; but in this Court have been filed an " assignment of errors," and a " peremptory exception."

We will first consider the exception. The ground urged by it, viz: "Want of jurisdiction *ratione materiæ* in the late Second District Court" was not raised in the pleadings below, but is made for the first time in this Court.

We cannot consider it. The only question properly before us is the correctness *vel non*, on questions of law, of the judgment of the lower court. That court could not possibly be held to have erred in deciding a question of law never presented to it.

The cases cited, 21 La. An. 478, 5 Martin, N. S. 10, 22 La. An. 81 (C. P. 92), were all cases in which the Supreme Court was itself vested with jurisdiction to examine whether or not the lower court had jurisdiction of the suits in question.

Had, in the case at bar, the appeal come to this Court from the *original* judgment, the issues presented would have been similar to those in the cases above cited, and *then* this Court might well have found, *ex proprio motu*, that the Second District Court was without jurisdiction to render a judgment against a minor on a moneyed demand. C. P. 608–9.

But the original suit is not before this Court. The only issue before it is that raised by the tutor, who attacks the original judgment for grounds of nullity which he alleges. The judge *a quo* decided that the grounds alleged were not sufficient to annul the judgments, and the tutor has appealed, averring that the judge erred in so deciding. We have merely to decide whether he did or did not so err, and *not* to decide what should have been his judgment had other issues been presented to him.

We will, therefore, not consider the question of law raised by the peremptory exception.

Nor can we consider the points raised, Nos. 1, 2 and 4 of the assignment of errors, and grounds Nos. 1, 2, 3 and 6 of the petition for nullity, because they treat of questions of fact, over which, in this case, the jurisdiction of this Court does not extend. Thus, in deciding the case, the judge *a quo* has *finally* decided all questions of fact, and we must presume

that, in his consideration of the cause, he found that, as matters of fact, the minor's capital was not touched.

We, therefore, will consider nothing but assigned errors of law patent upon the face of the papers.

We find no defect in the judgment of June 12th, 1876, in so far as it decrees the payment of $193.

There is a citation regularly addressed to and served on the dative tutor, issue joined by him and judgment rendered after trial contradictorily.

Nor do we understand that counsel for the appellant assigns any error in the judgment as to the $193. His petitions for nullity, Nos. 4 and 5, and his assignment of errors, No. 3, allege error in the proceeding by rule, which formed the basis of the judgment of June 23d, 1879.

The errors therein complained of are twofold, viz:

1. That the proceedings by rule should have been by petition and citation.

2. That acceptance of service of said rule by the attorney of record was not binding on the minor.

The original judgment for $193, which is formal as to citation and parties, decrees the payment of ten dollars additional per month for such time as Mrs. Smith may continue to give board and lodging to the minor.

The judgment of 23d June, 1877, on the rule, merely purports to liquidate the amount decreed under the original judgment.

Is that original judgment, in so far as it awards ten dollars per month for an unfixed period, formal, or is it defective for uncertainty?

In Foucher v. Leeds, 2 Louisiana R., p. 403, the Supreme Court said: "But the Judge, in our opinion, erred in giving judgment for the rent beyond the date of it; for we are ignorant of any manner in which the officer who issued the execution, as he who carries it into effect, may ascertain whether the defendant held possession beyond the date of the judgment, or for how long."

But later, in Kellogg *v.* McMillan and Wife, 9 La. An., p. 225, the Supreme Court, in the face of the Foucher case, which was cited by counsel, affirmed the judgment of the lower court, which had decreed the recovery of $25 per month from June 9th, 1852, "until the plaintiff is put into possession."

Conceding the jurisprudence of the State to be unsettled on this point, by reason of the conflict of these two only decisions on this particular subject, what would be the effect of a judgment imperfect by reason of its uncertainty? Grant that part of the judgment be informal by reason of its not being *finally* decisive of the issues between the parties, is the fact of its being wanting in *finality* a ground of nullity? It is not one of the grounds specified in the Code of Practice, Arts. 606, 607, 608. It is true that the action of nullity is not abstractly limited to the causes specified in these articles, but *in this case* it is practically, because when other causes are invoked, the applicant "must show that it would be against good conscience to execute the judgment; that he could not have availed himself of it in a former suit, or was prevented by fraud or accident." 3 La. An. 646; 6 La. An. 799. And as *these are questions of fact*, we cannot permit ourselves to ascertain whether or not the evidence of them exists in this record.

Therefore, assuming the *non-finality* of the original judgment herein, this Court would not annul it but would remand the case for further proceedings. Peet *v.* Whitmore, 14 La. An. 408; C. P. 57. But these further proceedings have been had in the rule and judgment of 23d June, 1877.

Were those proceedings regular? Appellant assigns that they should have been by citation and petition. The suit was so begun, and judgment was rendered 12th June, 1876, for every thing covered by this rule. That judgment lacked finality, in that the number of instalments of rent was not liquidated. Had a new suit been brought, we think the plea of *res adjudicata* would have lain. Parties proceeded properly by rule filed in the original suit, to fix contradictorily the amount

due under that judgment. Counsel say that the acceptance of that rule by the attorney of record was not binding, because the rule was taken on "Hy. Barkemeyer," and not on "Hy. Barkemeyer, *tutor*," and because service was accepted by "A. J. Villeré, attorney for Barkemeyer." This rule bears in the caption the proper title of the suit as against "Henry Barkemeyer, *tutor*." Hy. Barkemeyer, *individually*, does not appear in the suit as a party in interest, and Mr. Villeré is the counsel of record for the *tutor*. But apart from this, in the judgment on the rule, it appears that on the trial thereof, in the cause "Widow J. H. Smith *v.* Henry Barkemeyer, *tutor*," there was present in court "A. J. Villeré, Esq., *for defendant*." If this service and appearance were made in an original proceeding begun by citation against the minor, we should hold them to be insufficient; but on a rule to liquidate a judgment previously rendered after due citation, we hold that the appearance in court of the counsel of record of the minor is sufficient.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed, and that appellant pay the costs of this appeal.